```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
Moonbug Entertainment LTD.,        :
                                   :
              Plaintiff,           :
                                   :   21 Civ. 4313(VM)
       -against-                   :   ORDER
                                   :
A20688, et al.,                    :
                                   :
              Defendants.          :
-----------------------------------X
Moonbug Entertainment LTD.,        :
                                   :
              Plaintiff,           :
                                   :   21 Civ. 4315(VM)
       -against-                   :   ORDER
                                   :
13071860213, et al.,               :
                                   :
              Defendants.          :
-----------------------------------X
Moonbug Entertainment LTD.,        :
                                   :
              Plaintiff,           :
                                   :   21 Civ. 4317(VM)
       -against-                   :   ORDER
                                   :
AICHENG, et al.,                   :
                                   :
              Defendants.          :
-----------------------------------X
```

**VICTOR MARRERO, U.S.D.J.:**

Plaintiff has submitted a letter in response to the Court's May 14, 2021 Order proposing a briefing schedule and arguing that this case should remain under seal until service can be effectuated. (See Attached Letter.) The Court grants the request insofar as the case is ordered to remain under seal until service is made.

After service occurs, the parties are directed to confer and agree on a briefing schedule for Defendants' opposition

and any reply. The parties are directed to submit a joint-filing to the Court containing this proposed schedule as well as their positions on maintaining the case under seal post-service. This joint-filing is due with five (5) business days of service.

As before, the TRO shall remain in effect pursuant to the May 14, 2021 Order.

**SO ORDERED:**

Dated:   New York, New York
         17 May 2021

_____
Victor Marrero
U.S.D.J.



Epstein Drangel LLP
60 East 42nd Street, Suite 2520, New York, NY 10165
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

May 14, 2021

**VIA E-MAIL**
Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Moonbug Entertainment Limited v. a20688, et al.,* **Case No. 21-cv-4313**
              *Moonbug Entertainment Limited v. 13071860213, et al.,* **Case No. 21-cv-4315**
              *Moonbug Entertainment Limited v. AICHENG, et al.,* **Case No. 21-cv-4317**
              <u>**Plaintiff's Proposed Modified Briefing Schedule**</u>

Dear Judge Marrero,

      We represent Plaintiff Moonbug Entertainment Limited ("Plaintiff"), in the above-referenced related matters (the "Actions").[1] In accordance with the Court's Order entered on May 14, 2021, Plaintiff hereby proposes the following briefing schedule for Defendants' opposition, Plaintiff's reply, and the show cause hearing:[2]

1. Plaintiff proposes that Defendants file their opposition by May 28, 2021;
2. Plaintiff proposes that Plaintiff files its reply (if any) by June 1, 2021; and
3. Plaintiff proposes the following dates for the show cause hearing: June 2, 2021, June 3, 2021 or June 4, 2021.

      At this time, because Plaintiff has not yet received Defendants' email addresses from the Third Party Service Providers, and thus is unable to serve Defendants, Plaintiff respectfully requests that the Actions remain under seal until Plaintiff is able to effectuate service on Defendants. It is Plaintiff's position that if Defendants are put on notice of the filing of the Actions and claims and allegations against them prior to the Third Party Service Providers' and Financial Institutions' compliance with the TROs, it is highly likely that Defendants – who have both the incentive and the capability to hide or destroy relevant business records and transfer and hide their ill-gotten funds – will transfer, conceal and/or destroy the inventory of the Counterfeit Products in their possession and their means of making or obtaining such Counterfeit Products along with all business records and any and all other evidence relating to their counterfeiting activities, as well as hide or dispose Defendants' Assets to which Plaintiff may be entitled.

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in Plaintiff's Complaints or Applications.
[2] Plaintiff's Application was filed *ex parte*, accordingly Defendants have not yet been served and thus Plaintiff submits this instant filing on its own, but will serve any updated order entered by the Court on Defendants.

Hon. Victor Marrero
May 14, 2021
Page 2

*See* 15 U.S.C. § 1117(a); *see also Dama S.P.A. v. Doe*, 2015 U.S. Dist. LEXIS 178076, at *4-6 (S.D.N.Y. June 12, 2015) (finding that "Plaintiff's concerns regarding the likelihood of dissipating assets merit the extraordinary remedy of *ex parte* relief and that there is a strong likelihood that advance notice of the motion would cause Defendants to drain their PayPal accounts, thereby depriving Plaintiff of the remedy it seeks"); *SEC v. Caledonian Bank Ltd.*, 317 F.R.D. 358 (S.D.N.Y. 2016) (granting the plaintiff's request for an *ex parte* asset freeze based on plaintiff's assertion that the defendants were foreign entities and therefore could easily move assets out of bank or brokerage accounts at a moment's notice). As detailed in the Drangel Dec., it is highly likely that Defendants will become aware of these lawsuits given the high-profile nature of Plaintiff's law firm in connection with similar matters and the ease of communication that purveyors of counterfeit and/or infringing goods over the Internet enjoy.[3] Plaintiff therefore respectfully requests that the Actions remain under seal until Plaintiff receives Defendants' email addresses from the Third Party Service Providers and effectuates service in accordance with the TRO on Defendants.

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Danielle S. Yamali
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*

---

[3] Drangel Dec., ¶¶ 18-19.