**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MOONBUG ENTERTAINMENT LIMITED,

                              Plaintiff,

           - against -

A20688, et al.,

                             Defendants.

**21 Civ. 4313 (VM)**

<u>**DECISION AND ORDER**</u>

**VICTOR MARRERO, United States District Judge.**

Plaintiff Moonbug Entertainment Limited ("Moonbug") moves for entry of a default judgment against 211 defendants[1]

---

[1] a20688, bailixi05, bailixi06, bbwoxng, best_shop1, blowingthroughthe, convenience24, conveniencestore5, hayydhgates, long08, long09, lu10, luo07, luo08, Luwisa Ltd., minyouhuakeji, mu06, musuo02, rapturous, warmmove and yanggg001, 13071860213, Alicia Setty, AN03240tianjia, AndreaCatherinebExEdJ, ANLINGLING, ao3928shop, ARCHIIBALlARD, asdsa0.02.023, ASFAGFASGA, Bakekk, BearGoods, bertKCross, BingBingLin, BJSG TOY, CaiHongX, changshichunqiu, chaorishang, chenbo3152, chengshenglong1127, chenlijun2536, chenmengna71505, clili6955, cuiyanchunshop, denggang66058, dklajdlksahkld, duanguangleishop, duqing_DU, duxiaosiquan, DWWWW998, Earljj, ejchnje, EMBARAZADAS, endeavoursln, etopj0shop, fangxinyu8713, FDE386CB3, fightingecommerce, futianyu0224, g8g5g6r6, Girl.bussines, gongyanlishop, guohui-dong18, h8239eed, HeDyshop, Hemozen Yanse latoway, hjhjkhk, huangchuan8849, huangqian0012, huayise, HUIHUI-QI, jiayulei258456, jsdiahs, JUST soso1, kathy qualls, koeioueiw, kongchuiting99, KovalenkStiven, lcej03, ldsjdlkjasdklaj, lflong, liangjiaxin, Lihailin1016, lijiawei4628, lijinghhh, lilinrong8087, lishuangyan21, liuying99999, liyang66666, liyongchao369, lqhtenrie, lqly46shop, Lubeiqite Toys, lyndonburke, Mansiyi Feiy, MarkozTech, mchsshop, Menlitab, MP.Lovely, mvhyogh fashion store, naishikuan138792489, Nanyag, Nayaoyiyi, nicoleschop, pandas' garden, PELKINBOYS, shilanshop, Shop Unique Decor, silksart, sunqi1043, sunshinetean, sunye Store, SWEET OEANGE 3, tangfangmei Store, Tangziaohong6678, Tianyuqin66088, tongjianhong198217, ujdsjhdudys, V8, Wangbaoyi601, wangxiang5605, wangxiuhua1209, wangxu6010, wangzixuan Store, weizhenkun, wpvmbrhg, wutong5052, xiaoao5078, xiaodi363744, XUEWEISHANGPU, xuezey, xujiang 9888, xuxiuling3939, xuzhongrui, yangchen1768, yangjianchang10, yangxiaolong474747, yangxin520336, Yashege, YIJIN19, yiling89, yinlifang1234, youdaoxiaojin, yushixingsheng, zgijdiyfgid, zhangchangbin, zhanglinlin3216, zhangsan50685, zhangzhongxu976, zhangzijian1893085698, zhanyongxue23, zhaohuaizhi464576, zhaoyue658865235, zhouluyu3654217, zhourui3580, zhoushuhua2225 and ziw3628shop, AllKnow, AndyM Shop, AUSDU Inc.,

(collectively, the "Defaulting Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). (See Dkt. No. 36-38.) As remedies for the Defaulting Defendants' alleged conduct, Moonbug also makes an application to the Court for entry of a permanent injunction, heightened statutory damages pursuant to 15 U.S.C. Section 1117(c), and permission to serve restraining notices pursuant to N.Y. C.P.L.R. Section 5222 ("Section 5222").

Moonbug filed its complaint in this matter[2] on June 10, 2021, alleging trademark counterfeiting pursuant to 15 U.S.C. Section 1114(1)(b) ("Count One"), infringement of registered trademarks pursuant to 15 U.S.C. Section 1114 ("Count Two"),[3]

---

baihuoyouxiangongsi6543, bgxcsbxbd, chenjintianabc, Crunchy Candy, DAKOSO, EVELYN LIVING, fanyu4321, Floatings, fubaxianmaoyiyouxiangongsi, Funny Party Store, FUNNYBOY-US, GIII, gongfuhao, guoquerguopinxiaoshou, hangplya Shop, Honest Mike, Huzhou Zhaoyao Clothing Trading, ice watermelon, IOYOUHI, Jeremiah Pendleton, JIANGJIANG, JKNEW, KAKFNHOP, Kepom parties, KEREE, letaowangluokeji, LieHuangQiFei, linyishilanshanquchaojizhiwuchang, MAMAli, Meizhou Qingfeng Technology, nanjingkusenkeji, Nanpingshijianyangqulinnongkapianbaihuodian, NeiQiuXianQiCaiTongXunMenShi, Patricia HMarin, QISHILAOGONG, Rengoku, STAR LELEE, Vietaket-Store, waydg, weinanshilinweiqushengxilaibaihuodian, Weng Zhejian, WilkYun, XIAONIANNIANDEDAIN, XINGKESHANGMAOYOUXIANGONGSI, xundashangmao, yingbaijia, yiwushi wuyuenaichadian, Zhangjindan, zhanlanruanjiankaifa, 卓泉荣 a/k/a Zhuo Quanrong and 璐瑶US a/k/a Luyao US.

[2] Moonbug filed substantially similar complaints on the same day in three actions against defendants operating through different platforms: the DHgate platform (see Case No. 21 Civ. 313), the Wish platform (see Case No. 21 Civ. 4315), and the Amazon platform (see Case No. 21 Civ. 4317). The Court consolidated these actions as related under the lead Case No. 21 Civ. 4313.

[3] Moonbug moves for entry of judgment for its first and second causes of action only.

infringement of unregistered trademarks pursuant to 15 U.S.C. Section 1125, false designation of origin, passing off and unfair competition pursuant to 15 U.S.C. Section 1125(a), and unfair competition pursuant to New York common law. (See "Compl." Or "Complaint," Dkt. No. 8.) Also on June 10, 2021, the Court entered a temporary restraining order against the Defaulting Defendants, as well as an order authorizing bifurcated and alternative service. (See Dkt. No. 16.) Despite proper service of process, Defaulting Defendants never answered the Complaint or otherwise appeared. (See "Futterman Declaration" ¶ 16, Dkt. No. 37; "Clerk's Certificate of Default," Dkt. No. 35.)

Accordingly, the Court now authorizes entry of a default judgment for Count One and Count Two against the Defaulting Defendants for trademark counterfeiting and trademark infringement. Further, as discussed below, upon consideration of Moonbug's written evidence as to its requested remedies, the Court enters a permanent injunction against the Defaulting Defendants, awards Moonbug a judgment in the amount of $50,000 against each Defaulting Defendant, and denies, without prejudice, Moonbug's request for permission to serve asset restraining notices against third-party service providers and financial institutions.

## I. REMEDIES

A. Permanent Injunction

To prevent further trademark violations, the Lanham Act provides the Court authority to grant injunctive relief. See 15 U.S.C. § 1116. An injunction should issue where a plaintiff has succeeded on the merits and has demonstrated that (1) it suffered irreparable harm; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties warrants such a remedy; and (4) that the public interest would not be disserved by the issuance of an injunction. See U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc., 800 F. Supp. 2d 515, 539 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013).

Moonbug has demonstrated that all of these factors favor issuance of the requested permanent injunction. As to the first factor, Moonbug alleges a loss of goodwill and confusion (see Compl. ¶¶ 15-17, 18), which establishes irreparable harm.[4] See U.S. Polo Ass'n, 800 F. Supp. 2d at 539. Second, the Defaulting Defendants' past conduct and continued infringement creates a high likelihood that they will continue to infringe Moonbug's marks. See Mattel, Inc. v.

---

[4] The Trademark Modernization Act of 2020 recently codified a rebuttable presumption of irreparable harm. See Consolidated Appropriations Act, 2021, Pub. L. 116-260. Regardless of this presumption, Moonbug demonstrates irreparable harm through the loss of goodwill.

1622758984, 2020 WL 2832812, at *5 (S.D.N.Y. May 31, 2020) (finding probability of continued infringement based on past conduct establishes second factor). The third factor is also met because "it is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 287 (2d Cir. 2012). Lastly, granting injunctive relief would not disserve the public interest because the public has an interest in being assured of goods' origin and quality, as well as an avoidance of confusion and deception. See Mattel, 2020 WL 2832812, at *5. Accordingly, having met all four factors, Moonbug is entitled to a permanent injunction against the Defaulting Defendants.

B. Statutory Damages

When the Court enters a default judgment, it must "accept[] as true all of the factual allegations of the complaint," Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), but "the amount of damages are not deemed true." Credit Lyonnais Securities (USA) v. Alcantara, 183 F.3d 151, 152 (2d Cir. 1999). The Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. The amount of damages to award in connection with a default judgment may be decided by the court without a hearing. See Transatlantic Marine Claims Agency,

Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured there was a basis for the damages specified in the default judgment." (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989))).

Moonbug has elected to recover statutory damages under 15 U.S.C. Section 1117(c), instead of actual damages. The Lanham Act allows plaintiffs to recover between $1,000 and $200,000 for a defendant's use of a counterfeit mark, or if the violation was willful, up to $2,000,000 per mark. See 15 U.S.C. § 1117(c). Within these bounds, courts have broad discretion to issue an appropriate award. Louis Vuitton Malletier v. Artex Creative Int'l Corp., 687 F. Supp. 2d 347, 355 (S.D.N.Y. 2010). Since the Lanham Act "does not explicitly provide guidelines for courts to use in determining an appropriate award . . . courts have looked to an analogous provision of the Copyright Act, 17 U.S.C. Section 504(c), which provides for statutory damages for willful infringement." Louis Vuitton Malletier, S.A. v. LY USA, 2008 WL 5637161, at *1 (S.D.N.Y. Oct. 3, 2008) (quotation marks omitted). Applying this framework, courts determining damages pursuant to Section 1117(c) typically consider the following seven factors:

6

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

All-Star Mktg. Grp., LLC v. Media Brands Co., Ltd., 775 F. Supp. 2d 613, 622-23 (S.D.N.Y. 2011) (quotation marks omitted).

Moonbug seeks heightened statutory damages in the amount of $50,000 against each Defaulting Defendant, plus post-judgment interest, for trademark counterfeiting and trademark infringement. (See "MOL," Dkt. No. 38.) By virtue of their default, the Defaulting Defendants' infringement is deemed willful, and therefore the Court has discretion to award anywhere between $1,000,000 and $2,000,000 per type of good sold.

After careful consideration of the relevant factors, the Court finds that Moonbug's requested award of $50,000 in damages per Defaulting Defendant is warranted. Because of the default, Moonbug does not have evidence to quantify the Defaulting Defendants' expenses or sales of the counterfeit products, and thus, cannot determine Defaulting Defendants' profits. Additionally, the Defaulting Defendants have a history of concealing their identities and destroying or

7

hiding evidence of their actions. (See MOL at 27.) Without the benefit of discovery, Moonbug recognizes that it is "effectively impossible" to measure its actual damages. (Id. at 25 (citing Futterman Decl. ¶¶ 27-33).) Factors one, two and six weigh in favor of Moonbug -- a plaintiff should not be deprived of its right to recover damages based on defendants making it impossible to discern their expenses saved and profits reaped. See Off-White LLC v. ^ ^Warm House^ ^Store, 2019 WL 418501, at *5 (S.D.N.Y. Jan. 17, 2019).

Although Moonbug has not quantified the value of the Blippi trademarks, it has submitted evidence that Blippi products have achieved "worldwide recognition and success"[5] based on Moonbug developing and building consumer recognition, awareness, and goodwill in the marks. (Id. at 29 (citing Ahton Declarations).) However, since the record does not indicate a specific monetary value of the Blippi brand, the third factor does not weigh one way or the other. See All-Star Mktg., 775 F. Supp. 2d at 622.

The remaining factors also weigh in favor awarding Moonbug heightened damages. By virtue of default, the Defaulting Defendants' actions are deemed willful, and statutory damages will deter other possible infringers. See

---

[5] As of April 26, 2022, the Blippi YouTube Channel had over 15.4 million subscribers. In addition to video content, Blippi products are sold through a Blippi online storefront.(See MOL at 17.)

8

Off-White LLC v. 6014350, No. 18 Civ. 5322, 2020 WL 6478544, at *5 (S.D.N.Y. Nov. 4, 2020) (finding factors four and five weighed in favor of plaintiff because of the need to deter other counterfeiters and by defaulting, defendants were deemed to be willful infringers). Specific deterrence, factor seven, does not necessarily favor a heightened award, since the Court has entered a permanent injunction restraining the Defaulting Defendants.

Where defendants operate through websites that ship and sell worldwide, courts infer "a broad scope of operations" and have awarded $50,000 or more in statutory damages per defendant. Spin Master Ltd. V. Alan Yuan's Store, 325 F. Supp. 3d 413, 426 (S.D.N.Y. 2018) (awarding $50,000 per defaulting defendant who sold infringing toys on online marketplace platforms); see Mattel, Inc. v. Arming, 2021 WL 3683871, at *9 (same); see also WowWee Grp. Ltd. V. Meirly, No, 18 Civ. 706, 2019 WL 1375470, at *10 (S.D.N.Y. Mar. 27, 2019 ("[C]ourts in this district have issued awards . . . in amounts from $25,000 to $50,000 for what are generally 'small-scale counterfeiting operations' or up to $1 million when 'there was reasons to believe that the defendant's sales were substantial . . . .'"); Off-White LLC, 2020 WL 6478544, at *6 (awarding $100,000 per defendant that sold less than 100 products); AW Licensing, LLC v. Bao, No. 15 Civ. 1373, 2016

9

WL 4137453, at *3 (S.D.N.Y. Aug. 2, 2016) (awarding $1,000,000 per defendant for two types of counterfeited goods sold on websites that ship and sell to a wide geographic range). Here, the Defaulting Defendants operate through the DHgate, Wish, and Amazon online marketplace platforms that sell and ship products worldwide. Accordingly, provided that the factors clearly tip in Moonbug's favor, and precedent in this district supports Moonbug's damages request, the Court awards a statutory damages award of $50,000 per Defaulting Defendant, as well as an award of statutory post-judgment interest pursuant to 28 U.S.C. Section 1961.

C. Section 5222

Moonbug requests the Court's permission to serve asset restraining notices pursuant to N.Y. C.P.L.R. Section 5222 on the Defaulting Defendants, third-party service providers,[6] and financial institutions,[7] and notes that, upon restraint, Moonbug will move for an asset turnover pursuant to N.Y. C.P.L.R. Section 5225 ("Section 5225"). The Court grants in part and denies in part Moonbug's request.

---

[6] Moonbug defines these providers as online platforms, including those owned and operated directly or indirectly by DHgate, Wish, and Amazon, as well as undiscovered online marketplace platforms and/or entities through which the Defaulting Defendants manufacture, advertise, or sell the counterfeited products. (See Compl. at 4.)

[7] Moonbug defines these financial institutions as banks, credit card companies, and payment processing agencies that engage in the processing or transfer of money and/or real or personal property of the Defaulting Defendants. (See id. at 3.)

10

Moonbug's proposed asset restraining notices apply not only to the Defaulting Defendants, but also unknown and unascertainable third-party service providers and financial institutions who hold the Defaulting Defendants' assets. The requested relief is denied because as requested, Moonbug's proposed notices are not narrowly tailored to specific parties holding Defendants' assets necessarily related to the counterfeiting at issue. See Allstar Mrktg., 2019 WL 3936879, at *3 (declining to enjoin Wish.com and financial institutions holding defendants' assets because the assets may be "wholly unrelated to the counterfeiting at issue" and therefore, is not "in active concert or participation" with defendants). Because Moonbug has not demonstrated that these thirf-parties are "substantially intertwined" with the Defaulting Defendants, see John Wiley & Sons, Inc. v. Book Dog Books, LLC, 327 F. Supp. 3d 606, 638 (S.D.N.Y. 2018), the Court will not permit restraining notices to be issued to unknown parties with unascertainable identities and relationships to the Defaulting Defendants, especially since the Court may not possess personal jurisdiction over these parties.[8]

---

[8] The Court of Appeals has made clear that "a party seeking a money judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." CSX Transportation, Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 69 (2d Cir. 2018); see also Allstar Mktg.

11

For these reasons, the Court denies Moonbug's request for general authorization to issue asset restraint notices to third-party service providers and financial institutions. Moonbug is permitted to modify its request in accordance with the requirements of Sections 5222 and 5225 to identify the parties and assets to which the notice would apply.

As to the Defaulting Defendants, Moonbug requests, pursuant to Federal Rule of Civil Procedure 62(a), that the automatic 30-day stay be dissolved to prevent the Defaulting Defendants from potentially hiding their assets during this time. (See Dkt. No. 38 at 35 n.14.) Federal Rule of Civil Procedure 62 imposes a stay of execution on a judgment "unless the court orders otherwise." The Court hereby dissolves the automatic stay imposed by Rule 62, allowing Moonbug to immediately enforce the judgment.

## II. ORDER

For the reasons described above, it is hereby

**ORDERED** that the motion of plaintiff Moonbug Entertainment Limited ("Moonbug") for a default judgment against the named defendants (the "Defaulting Defendants") (Dkt. No. 36) is **GRANTED,** and it is further

---

Grp. v. 158, No. 18 Civ. 4101, 2019 WL 3936879, at *4 (S.D.N.Y. Aug,. 20, 2019) (same).

**ORDERED** that the motion of Moonbug for a permanent injunction against the Defaulting Defendants (Dkt. No. 36) is **GRANTED,** and it is further

**ORDERED** that Moonbug shall be awarded statutory damages of $50,000 per each Defaulting Defendant, with interest beginning from the date of this Order and continuing until the judgment is satisfied, and it is further

**ORDERED** that the automatic stay imposed by Federal Rule of Civil Procedure 62 is dissolved, and Moonbug is permitted to immediately enforce the judgment. Moonbug may modify its requested relief pursuant to C.P.L.R. Sections 5222 and 5225 to comply with the requirements as stated herein.

**SO ORDERED.**

Dated:     April 26, 2022
           New York, New York

_____
Victor Marrero
U.S.D.J.